# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 26, 2012

142917

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

BARBARA CONVERSE, Guardian and
Conservator of CATHERINE CURTIS,
a legally incapacitated person,
　　　　　Plaintiff-Appellant,

v

　　　　　　　　　　　　　　　　　　SC: 142917
　　　　　　　　　　　　　　　　　　COA: 293303
　　　　　　　　　　　　　　　　　　Calhoun CC: 2005-004426-NO

AUTO CLUB GROUP INSURANCE
COMPANY,
　　　　　Defendant-Appellee.
_____/

　　　　By order of September 6, 2011, the application for leave to appeal the March 3, 2011 judgment of the Court of Appeals was held in abeyance pending the decision in *Joseph v ACIA* (Docket No. 142615). On order of the Court, the case having been decided on May 15, 2012, 491 Mich 200 (2012), the application is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals. For the reasons stated in the Court of Appeals dissenting opinion, the Calhoun Circuit Court erred in dismissing plaintiff's Michigan Consumer Protection Act (MCPA) claims. MCL 445.911(7) of the MCPA provides, in pertinent part: "An action under this section shall not be brought more than 6 years after the occurrence of the method, act, or practice which is the subject of the action nor more than 1 year after the last payment in a transaction involving the method, act, or practice which is the subject of the action, whichever period of time ends at a later date." Because plaintiff brought this action within one year of the last payment, plaintiff's action was timely filed and thus plaintiff can seek to recover damages resulting from the methods, acts or practices violative of the MCPA based on conduct by defendant occurring from July 29, 1992 to March 28, 2001 [the effective date of MCL 445.904(3)]. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

　　　　MARILYN KELLY, J., would reverse the lower court's application of the one-year-back rule in MCL 500.3145(1) for the reasons set forth in her dissenting opinion in *Joseph v ACIA*, 491 Mich 200 (2012).



　　　　I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 26, 2012

Clerk

d1023