# STATE OF MICHIGAN

# COURT OF APPEALS

CARL MELMS,

Plaintiff-Appellant,

UNPUBLISHED
December 15, 2016

v

AUTO-OWNERS INSURANCE COMPANY,

Defendant-Appellee.

No. 329421
Allegan Circuit Court
LC No. 14-054067-CK

Before: WILDER, P.J., and MURPHY and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, Carl Melms, appeals as of right the circuit court's September 11, 2015 order granting summary disposition in favor of defendant, Auto-Owners Insurance Company, pursuant to MCR 2.116(C)(10). We affirm.

A circuit court's decision on a motion for summary disposition brought under MCR 2.116(C)(10) is reviewed de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). MCR 2.116(C)(10) provides that summary disposition is proper when "there is no genuine issue as to any material fact." "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). In deciding a motion for summary disposition pursuant to MCR 2.116(C)(10), courts are to view the affidavits, pleadings, depositions, admissions, and other evidence in a light most favorable to the party opposing the motion for summary disposition. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012).

Relatedly, a circuit court's interpretation of an insurance contract is also reviewed de novo. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003). "[I]n reviewing an insurance policy dispute [courts] must look to the language of the insurance policy and interpret the terms therein in accordance with Michigan's well-established principles of contract construction." *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 353-354; 596 NW2d 190 (1999). "First, an insurance contract must be enforced in accordance with its terms." *Id*. at 354. "The language of insurance contracts should be read as a whole and must be construed to give effect to every word, clause, and phrase." *McGrath v Allstate Ins Co*, 290 Mich App 434, 439; 802 NW2d 619 (2010). To determine the intent of the parties, a court must first ascertain whether the agreement at issue provides coverage to the insured. *Hunt v Drielick*, 496 Mich 366,

373; 852 NW2d 562 (2014). Then, it must determine whether that coverage is negated by an exclusion. *Id.* "While [i]t is the insured's burden to establish that his claim falls within the terms of the policy, [t]he insurer should bear the burden of proving an absence of coverage." *Id.* (citations and internal quotation marks omitted; alterations by the *Hunt* Court). "[U]nless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written." *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). Ultimately, unambiguous insurance agreements must be interpreted according to their plain and ordinary meanings. *Henderson*, 460 Mich at 354.

At issue in this case is whether the insurance agreement between plaintiff and defendant provided coverage for a barn that was destroyed by fire. The barn was located on 24th Street in Allegan, Michigan, on a parcel that also included a house ("the 24[th] Street residence), another barn, and two garages. The insurance agreement provides, in relevant part, as follows:

**b. Coverage B – Other Structures**

**(1) Covered Property**

**We** cover:

**(a)** other structures at the **residence premises** which are not attached to the dwelling. This includes structures which are connected to the dwelling by only a utility line, fence or other similar connection.

**(b)** other structures which **you** own and **you** use in connection with the **residence premises** that are located at an **insured premises** other than the **residence premises.**

Interpreting this provision according to its plain and ordinary meaning, it is apparent that "Coverage B – Other Structures" provides coverage for "other structures at the **residence premises** which are not attached to the dwelling." The insurance agreement defines "residence premises" as follows:

**15. Residence premises** means:

**a.** the one or two family dwelling where **you** reside, including the building, the grounds and other structures on the grounds; or

**b.** that party of any other building where **you** reside, including grounds and structures;

which is described in the Declarations.

The insurance agreement defines "you" and "your" as well:

> **17. You** or **your** means the first named insured show in the Declarations and if an individual, **your** spouse who resides in the same household.

Plaintiff is "the named insured in the Declarations[.]"

Thus, the plain and ordinary meaning of "Coverage B – Other Structures" reflects the parties' intent to provide coverage for "other structures" at "the one or two family dwelling where [plaintiff] reside[s.]" It is undisputed that the house at issue is, in fact, a "one or two family dwelling," and it is also undisputed that the barn at issue is an "other structure." Consequently, the only dispute, and the issue we are tasked with resolving, is whether plantiff "resided" at the 24th Street residence for purposes of the insurance agreement. See *Heniser v Frankenmuth Mut Ins Co*, 449 Mich 155, 168; 534 NW2d 502 (1995).

The parties' insurance agreement does not define "reside." When a contract term is not defined, "[c]ourts may consult dictionary definitions to ascertain the plain and ordinary meaning." *Holland v Trinity Health Care Corp*, 287 Mich App 524, 527-528; 791 NW2d 724 (2010). In the insurance context, this Court has "define[d] the verb 'reside' . . . as 'to dwell permanently or for a considerable time; live.' " *McGrath*, 290 Mich App at 441, quoting *Random House Webster's College Dictionary* (2000). In doing so, this Court expressly explained that the definition of "reside" is not synonymous with the legal definition of "domicile," which may have "a more technical meaning" than intended "in the home insurance context under the policy language at issue." *Id*. at 443 (citations and internal quotation marks omitted). Ultimately, this Court concluded, "the term 'reside' requires that the insured actually live at the property." *Id*.

Applying that definition to the facts of this case, we agree with the circuit court that there is no genuine issue of material fact as to whether plaintiff "dwell[ed] permanently or for a considerable time" or "live[d]" at the 24th Street residence. The evidence presented by the parties, even when viewed in a light most favorable to plaintiff, reflects that the 24th Street residence was occupied by tenants who were paying plaintiff $600 per month in rent. While it does appear that plaintiff continued using the barns and garages on the parcel, stored some items in the 24th Street residence, continued using the 24th Street residence as his mailing address and for his driver's license and voter registration, and frequently socialized at the 24th Street residence with the tenants, it is undisputed that he did not "reside" there. Before the tenants took possession of the 24th Street residence, plaintiff removed furniture, a television, and other personal items from the house. After they moved in, plaintiff regularly slept at a different house ("the 118th Avenue residence"). When he would return to the 24th Street residence, he would knock at the door. Indeed, in an interview after the fire at issue, plaintiff expressly acknowledged that he did not "live" at the 24th Street residence; rather, he explained, the tenants occupied the house, and he lived "at home" at the 118th Avenue residence. Accordingly, we agree with the circuit court's determination that no genuine issue of material fact existed as to whether plaintiff "resided" at the 24th Street residence at the time of the fire. Thus, summary disposition pursuant to MCR 2.116(C)(10) was appropriate.

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Kurtis T. Wilder
/s/ William B. Murphy
/s/ Colleen A. O'Brien