# STATE OF MICHIGAN

# COURT OF APPEALS

MOHAMED ABED-ALI,

      Plaintiff-Appellee,

v

AUTO CLUB INSURANCE ASSOCIATION,

      Defendant-Appellant.

UNPUBLISHED
October 26, 2017

No.  332143
Macomb Circuit Court
LC No.  2013-000894-NF

Before:  GADOLA, P.J., and CAVANAGH and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right a judgment entered on a jury verdict, challenging an order denying defendant's motion for judgment notwithstanding the verdict (JNOV) or a new trial. We affirm.

On August 9, 2005, plaintiff sustained multiple injuries in an automobile accident which allegedly rendered him wheelchair-bound, disabled, and in need of extensive medical treatment. Defendant is the insurer responsible for payment of personal injury protection (PIP) benefits, MCL 500.3107, under the no-fault act, MCL 500.3101 *et seq*.

In August 2008, plaintiff filed his first lawsuit against defendant for outstanding PIP benefits, including medical bills and attendant care services, which was settled and benefits were paid through the end of November 2009. In September 2010, plaintiff filed his second lawsuit against defendant for outstanding PIP benefits, including attendant care services from December 1, 2009. The parties eventually agreed to settle the matter through binding arbitration and the case was dismissed with prejudice in May 2012. However, the Michigan Catastrophic Claims Association (MCCA) refused to consent to arbitration.[1] Therefore, in October 2012, plaintiff moved to reinstate the case and submitted a stipulation indicating defendant's agreement with reinstatement of the case. The trial court denied the motion to reinstate the case that had been

---

[1] "The MCCA is an unincorporated nonprofit association, whose purpose is to provide insurers with indemnification for PIP policies that exceed a certain threshold." *United States Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n (On Rehearing)*, 484 Mich 1, 18; 795 NW2d 101 (2009).

dismissed with prejudice, apparently advising that a new case had to be filed. Accordingly, on February 28, 2013, plaintiff filed this third case for outstanding PIP benefits.

In August 2014, defendant filed a motion in limine, arguing that plaintiff was prevented under the one-year-back rule, MCL 500.3145(1), from introducing evidence related to any loss incurred prior to February 28, 2012, one year before the date this third lawsuit was filed. Plaintiff responded to the motion, arguing that defendant waived or was equitably estopped from asserting that defense because defendant's actions caused plaintiff's noncompliance with the statute. Following oral arguments, the trial court denied defendant's motion stating: "Based on the fact that there is prior history and there have been prior lawsuits I am going to deny your motion."

Subsequently, as defendant stated in its trial brief, all PIP issues were resolved by the parties before trial except for plaintiff's claim for attendant care services. A six-day jury trial commenced in August 2015, and concluded with a verdict in plaintiff's favor. According to the jury verdict form, allowable expenses in the amount of $490,800 were incurred by or on behalf of plaintiff and interest in the amount of $153,424 was owed to plaintiff on overdue benefits. On September 21, 2015, an order was entered consistent with the verdict.

Defendant then filed a motion for JNOV or new trial. Defendant argued that there was insufficient evidence to support the jury's finding that plaintiff was entitled to penalty interest for overdue attendant care benefits under MCL 500.3142, and the jury awarded plaintiff benefits for losses incurred as far back as 2009 in violation of the one-year-back rule, MCL 500.3145(1). Thus, defendant argued, it was entitled to JNOV or a new trial.

Plaintiff responded to defendant's motion, arguing that this matter has been in "constant litigation for over five years" and plaintiff's need for attendant care services "has been a focal point though the entire, continued litigation." Attendant care services had been the subject of multiple letters and settlement discussions. Numerous calendar affidavits had been submitted to defendant as proof of attendant care services—which defendant consistently refused to pay; thus, the jury verdict was fully supported by the evidence. Further, as the trial court previously held, defendant waived or was equitably estopped from asserting the one-year-back rule because it repeatedly failed to abide by the parties' settlement agreements which resulted in this several-year litigation and plaintiff's failure to comply with the one-year-back rule.

On March 15, 2016, the trial court denied defendant's posttrial motion. The court concluded that the jury verdict was supported by sufficient direct and circumstantial evidence that plaintiff's attendant care benefits were overdue. Further, defendant was estopped from asserting the one-year-back defense because of its conduct. The court noted that the parties had been in litigation for over five years, that they had engaged in facilitation and attempted arbitration, and that plaintiff's attendant care claim had been the focal point of the five-year litigation. Therefore, "defendant received notice of plaintiff's attendant care claim throughout the five years of litigation." Accordingly, the trial court denied defendant's motion for JNOV or new trial. This appeal followed.

Defendant first argues that the trial court erred when it denied its motion in limine; thus, a new trial is warranted because the jury awarded benefits for losses that were incurred before

February 28, 2012, in violation of the one-year-back rule set forth in MCL 500.3145(1). We disagree.

A trial court's decision on a motion in limine is reviewed for an abuse of discretion. *Brownlow v McCall Enterprises, Inc*, 315 Mich App 103, 118; 888 NW2d 295 (2016). Likewise, a trial court's decision on a motion for a new trial is reviewed for an abuse of discretion. *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 302 Mich App 7, 21; 837 NW2d 686 (2013). An abuse of discretion occurs if the trial court selects an outcome outside the range of principled outcomes. *Id*. We review de novo issues involving the interpretation of a statute. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205; 815 NW2d 412 (2012).

Recovery of PIP benefits under the no-fault act is limited by, among other provisions, MCL 500.3145(1), which provides in pertinent part:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

In *Joseph*, 491 Mich at 208, our Supreme Court recognized the requirements set forth in MCL 500.3145(1) as follows:

> [A] person filing a claim for PIP benefits must do so within a year of the accident unless the insured gives written notice of injury or previously received PIP benefits from the insurer. If notice was given or payment was made, the action can be commenced within one year of the most recent loss. In any case, though, recovery is limited only to losses that have been incurred during the year before the filing of the action.

The limitation on recovery of losses incurred within the one year before the lawsuit was filed is known as the one-year-back rule. *Id*. And, in *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 582-583; 702 NW2d 539 (2005), our Supreme Court held that, generally, the one-year-back rule must be enforced as written.

The *Devillers* Court did, however, recognize a limited exception to the application of the one-year-back rule and that is when there is a sound basis "to invoke" a court's "equitable power," such as when there exists "fraud, mutual mistake," or some other "unusual circumstance." *Id.* at 591. The Court cautioned against wide-spread use of a court's equitable power, and it made clear that such power should be used only with "pinpoint application." *Id.* at 590 n 65.

Plaintiff argues on appeal that defendant was at fault for the breakdown in the arbitration that was intended to resolve the second lawsuit. Defendant, for its part, places the blame on the MCCA, and both parties contend that the trial court favored the filing of third lawsuit rather than reopening the second lawsuit for judicial-economy reasons. Yet, there is scant evidence in the record from which to draw a firm conclusion as to fault for the breakdown of the arbitration, and there is no written order or transcript indicating why the trial court favored the filing of a third lawsuit over reopening the second lawsuit. Plaintiff's version may, in fact, be quite accurate for all we know, but "[b]riefs are not evidence." *Bormuth v County of Jackson*, — F3d —, 2017 WL 3881973, at *23 (CA 6, 2017) (Sutton, J, concurring).

What is crystal clear from the record is that in October 2012, plaintiff and defendant jointly stipulated to reopen the second lawsuit. The stipulation states in pertinent part, "That the parties previously agreed to submit this matter to binding arbitration, however, the MCCA is unwilling to authorize Defendant to arbitrate this matter; THEREFORE, IT IS HEREBY ORDERED that this matter be reinstated for purposes of trial." Had the second lawsuit been reopened in accordance with the parties' joint stipulation, defendant would not have had a viable defense to limit plaintiff's damages to one year before the date that such case was reopened in 2012 or 2013. When the trial court indicated that it would rather plaintiff file a new third lawsuit rather than reopen the second lawsuit, there is nothing in the record to suggest that defendant objected or otherwise informed plaintiff or the trial court that defendant would assert the one-year-back defense from the date that a third lawsuit was filed in 2013—a defense it clearly would not have had if the second lawsuit had simply been reopened.

While there is insufficient record evidence to conclude that defendant engaged in fraud, there is no question that this case presents an "unusual circumstance." *Devillers*, 473 Mich at 591. Given that defendant stipulated to reopen the second lawsuit, and given that defendant was silent when the trial court and parties considered filing a third lawsuit instead of reopening the second lawsuit, we hold that a "pinpoint application" of judicial equitable authority was appropriate here. Importantly, this "pinpoint application" of equity is fully in-line with defendant's reasonable expectations when it stipulated to reopen the second lawsuit. Accordingly, defendant is not entitled to a new trial because the trial court did not abuse its discretion when it denied defendant's motion in limine which allowed the admission of evidence supporting the jury's award of outstanding PIP benefits for losses that were incurred before February 28, 2012.

Next, defendant argues that its motion for JNOV as to the jury's award of no-fault penalty interest should have been granted because plaintiff failed to present reasonable proof regarding his claim for attendant care services until trial. We disagree.

A trial court's decision on a motion for JNOV is reviewed de novo, considering the evidence and all legitimate inferences that may be drawn from the evidence in a light most favorable to the nonmoving party. *Sniecinski v Blue Cross & Blue Shield of Mich*, 469 Mich 124, 131; 666 NW2d 186 (2003); *Central Cartage Co v Fewless*, 232 Mich App 517, 524; 591 NW2d 422 (1998). The jury verdict must stand if reasonable jurors could have reached different conclusions. *Id*. (citation omitted).

Pursuant to MCL 500.3142, PIP benefits are considered "overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained." Here, plaintiff's claim for attendant care services was the central focus of litigation in plaintiff's first and second lawsuits, as well as in this third lawsuit. Thus, defendant's argument that plaintiff failed to present "reasonable proof of the fact and of the amount of loss sustained" is unclear. Essentially, from August 2008 until August 2015 when the six-day jury trial commenced, plaintiff's claim for attendant care services has been in litigation and subject to extensive discovery. Legitimate inferences arising from the evidence presented at trial included that defendant had been in possession of medical records from at least four of plaintiff's medical providers which indicated that plaintiff required 24-hour attendant care services; defendant also had disability slips from plaintiff's treating physicians; and defendant had calendar affidavits compiled by plaintiff's attendant care provider. See *id*. Moreover, according to plaintiff, while this third litigation was pending defendant sent plaintiff checks in payment for eight hours—rather than 24 hours—of attendant care services per day. We conclude, as the trial court did, that plaintiff presented sufficient evidence to support his claim under MCL 500.3142 that attendant care PIP benefits were overdue. Accordingly, the trial court properly allowed the jury verdict to stand and denied defendant's motion for JNOV as to the penalty interest awarded. See *Sniecinski*, 469 Mich at 131; *Central Cartage Co*, 232 Mich App at 524.

Affirmed. Plaintiff is entitled to tax costs as the prevailing party. MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Brock A. Swartzle