*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY DAVIS,

      Plaintiff-Appellant,

UNPUBLISHED
May 6, 2021

v

No. 354220
Kalamazoo Circuit Court
LC No. 2019-000441-NO

CITY OF KALAMAZOO,

      Defendant-Appellee.

Before: SHAPIRO, P.J., and CAVANAGH and REDFORD, JJ.

SHAPIRO, P.J. (*dissenting*).

I respectfully dissent.

Plaintiff was injured in a motorcycle crash on June 29, 2019, while travelling eastbound on East Kilgore Road just west of its intersection with Portage Street. He alleges that the crash was caused by poor road conditions including potholes and decaying asphalt. The merits of the claim are not before us. The sole issue is whether there was sufficient evidence to create a question of fact whether defendant had constructive notice of the alleged conditions. Constructive notice exists when the defect has been present for more than 30 days prior to the injury-causing event. See MCL 691.1403. Thus, to survive a motion for summary disposition under MCR 2.116(C)(10), plaintiff need only demonstrate a question of material fact by which a jury could reasonably infer that the defect was present for more than 30 days.

The accident happened about 100 feet west of Portage Street on East Kilgore Road. The photographs taken the next day leave no doubt that on the date of the accident there were several potholes and degenerated joints between lanes at that location.

On May 2, 2016, about three years prior to the accident, the city received a complaint recorded as "WB Kilgore, just west of intersection with Portage: roughly 10 potholes." The records indicate that the holes were patched on May 10, 2016. However, only seven months later, in January 2017 there was another complaint about that intersection having "numerous potholes," indicating that the patching lasted less than seven months. Repairs were completed on January 19,

2017.  Another complaint was received in May 2017 concerning the intersection and the area to its west, where plaintiff was hurt, reporting "potholes."  Patching was performed on June 28, 2017.

In June 2018, another complaint was received regarding the intersection and the area to its west, the description was "several potholes that have been there a long time."  Patching was completed on June 29, 2018.  Yet again, in November 2018, a complaint was filed regarding a "pot hole at the intersection of Portage & Kilgore," and the records show that patching was completed on November 24, 2018.[1]  Following that repair another winter followed.

Significantly, the defects noted in the 2016, 2017 and 2018 inspections were not fully repaired; instead, a temporary fix was used, i.e., filling the hole with asphalt that was known to degenerate over time, particularly with the freeze-and-thaw cycle Michigan experiences in the winter months.  Indeed, defendant itself conducted an inspection of the relevant area on May 17, 2018, and determined that the road surface should be rated at a "3" using the rating system followed by the city and contained in the PASER Concrete Roads Manual.  This is plainly an admission.  The manual describes a rating of "3" as "most joints and cracks are open, with multiple parallel cracks, severe spalling[2] or faulting, D-cracking is evident.  Severe faulting ('1') giving poor ride.  Extensive patching in fair to poor condition.  Many transverse and meander cracks, open and severely spalled."  According to the manual relied upon by defendant, a roadway rated a 3 "needs extensive full depth patching plus some full slab replacements."  It goes on to say that where there is a spalled joint or open crack (as in this case) "slab or joint replacement needed."  That type of repair was never conducted here; at least the city has not directed us to any such repair.[3]

Since the city did not undertake the necessary repair but instead only temporarily patched the many defects, a reasonable jury could find that defendant understood that the roadway, even with patches, was not reasonably safe and convenient for public travel on the date of the accident.  A grant of summary disposition is improper unless the court has reviewed all the submitted evidence in the light most favorable to the nonmoving party.  See *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012).  Moreover, the dismissing court must draw all reasonable *inferences* in favor of the nonmoving party.  See *Dextrom v Wexford Co*, 287 Mich

---

[1] The majority implies that the city should be credited for its efforts to maintain the road.  But the ultimate issue for the jury is not whether efforts were made, but whether those efforts resulted in a road that was "reasonably safe and convenient for public travel" at the time of the accident.  MCL 691.1402(1).

[2] According to the manual, spalling "is the loss of a piece of the concrete pavement from the surface or along the edges of cracks and joint.  Cracking or freeze-thaw action may break the concrete loose, or spalling may be caused by poor quality materials . . . . [S]palling at joints may require full depth joint repair."

[3] James Baker, defendant's engineer and public services director, reviewed the photos of the intersection and testified that "seeing the black colored material compared to the gray concrete, and seeing the maintenance records that we have been there several times in the past, indicates that there has been patching that has occurred at this defect."

App 406, 415-416; 789 NW2d 211 (2010). Circumstantial evidence can create a factual issue for trial. See *Bergen v Baker*, 264 Mich App 376, 387; 691 NW2d 770 (2004).

In my view, a jury could review the pre-accident photos, the inspection, rating and repair history of this roadway and the photos taken the day after the accident and reasonably infer that the allegedly defective conditions existed for a period of greater than 30 days. Accordingly, I would reverse and remand for trial.


/s/ Douglas B. Shapiro