# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ALEXANDRA RAE MCMULLEN, DEMI MARIE MCMULLEN, and ASHLEIGH ROSE BUTLER IRREVOCABLE TRUST.

---

ASHLEIGH ROSE BUTLER,

      Petitioner-Appellant,

v

RAYMOND MCMULLEN and NANCY MCMULLEN,

      Respondents-Appellees.

UNPUBLISHED
March 19, 2015

No. 319585
Oakland Probate Court
LC No. 2012-342932-TV

---

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Petitioner appeals as of right an order granting respondent Nancy McMullen's motion for summary disposition pursuant to MCR 2.116(C)(10) and denying petitioner's motion for summary disposition in this action alleging breach of trustee and fiduciary duties. We affirm.

This case arises from the alleged breach of trustee and fiduciary duties by respondent, Nancy McMullen, while she was acting as trustee of the Alexandra Rae McMullen, Demi Marie McMullen, and Ashleigh Rose Butler Irrevocable Trust (the Trust).[1] Petitioner filed her action in probate court seeking to remove respondent as trustee and requesting damages allegedly caused by respondent's fiduciary breaches. The Trust was originally established on January 18, 2000, for the benefit of the children of Lisa McMullen and Raymond McMullen and was funded by ownership of the family home (the residence) located in Commerce Township and sole ownership of the family business, Studio Scape Landscape Designers, Inc. (Studio Scape).

---

[1] Proceedings against respondent Raymond McMullen were stayed due to Raymond's bankruptcy petition filed in August 2012. For the purposes of this opinion, respondent refers to Nancy McMullen.

Raymond was the original trustee, but on January 1, 2001, he was replaced by his mother, respondent.

Petitioner argues that the probate court erred in granting summary disposition pursuant to MCR 2.116(C)(10) where genuine issues of fact exist regarding whether Nancy's actions related to the Trust constituted breaches of her fiduciary duties for which she should be surcharged. We disagree.

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 52; 760 NW2d 811 (2008). A motion for summary disposition brought pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). A mere possibility that the claim might be supported by evidence at trial is insufficient. *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999); *Bennett v Detroit Police Chief*, 274 Mich App 307, 317; 732 NW2d 164 (2006).

Petitioner alleges that respondent committed various breaches of her duties as trustee in violation of the Michigan Trust Code (MTC), MCL 700.7101 *et seq.* Specifically, petitioner claims that respondent violated MCL 700.7801, which requires a trustee to "administer the trust in good faith, expeditiously, in accordance with its terms and purposes, for the benefit of the trust beneficiaries[;]" MCL 700.7802(1), which provides that a "trustee shall administer the trust solely in the interests of the trust beneficiaries[;]" MCL 700.7803, which requires impartiality, and states in pertinent part, "[t]he trustee shall act as would a prudent person in dealing with the property of another, including following the standards of the Michigan prudent investor rule[;]" and MCL 700.7810, which provides "[a] trustee shall take reasonable steps to take control of and protect the trust property." In the event that respondent breached her duties to the Trust, the damages are provided for by MCL 700.7902:

> A trustee who commits a breach of trust is liable to the trust beneficiaries affected
> for whichever of the following is larger:
>      (a) The amount required to restore the value of the trust property and trust
> distributions to what they would have been had the breach not occurred.
>      (b) The profit the trustee made by reason of the breach.

Petitioner raises several specific actions by respondent which allegedly establish a breach of fiduciary duty and justify damages. Each are discussed in turn.

We first address petitioner's claim that respondent's collection of an $80,000 lien she had placed on the residence belonging to the Trust was a violation of her fiduciary duties of good faith and loyalty pursuant to MCL 700.7801 and MCL 700.7802 and a conflict of interest pursuant to MCL 700.7803. We disagree. Petitioner failed to establish that respondent, as trustee, was not entitled to place a lien on the residence to secure loans she had made to the business or that she was not entitled to collect on that lien. Respondent testified that the lien was for payments she made to Studio Scape, which is permitted by MCL 700.7709(2) ("An advance by the trustee of money for the protection of the trust gives rise to a lien against trust property to secure reimbursement with reasonable interest."). As petitioner acknowledges, there was no record that the business owed money to respondent at the time. Thus, respondent's testimony

regarding the loan was not contradicted by the business records. Moreover, respondent has presented evidence that she had regularly loaned money to the business over the course of several years to keep the business operating. Because petitioner did not establish that the lien was not legitimate, there is no basis for finding that it was a conflict of interest for respondent to collect on the lien, and no fiduciary breach occurred. Moreover, in regard to the residence generally, it should be further noted that the bank was left with a large deficiency on the mortgage after the short sale of the residence, even though it still permitted respondent to collect on her lien. Thus, we agree with the trial court that any allegation by petitioner that the Trust would have gained value from the bank had the lien not existed is based on speculation and seems highly unlikely. Lastly, we are not convinced that petitioner's claim that respondent wrongly acted as the real estate agent in the short sale and collected fees for her services shows a breach of fiduciary duty. Petitioner failed to provide any legal support for the assertion that respondent was unable to act as the real estate agent or collect a fee for the services she provided, or that these actions constituted a conflict of interest. Thus, petitioner failed to establish any genuine issue of material fact that would have precluded the probate court from granting summary disposition on this issue.

Second, we address petitioner's allegation that respondent breached her duty of good faith and loyalty pursuant to MCL 700.7801, MCL 700.7802, and MCL 700.7810 by usurping several corporate opportunities rightly belonging to the Trust. Specifically, petitioner complains that respondent formed a new company, Ice and Snow Services, LLC, about a year before Studio Scape stopped doing business.[2] In support of her claim, petitioner presented articles of incorporation for Ice and Snow Services, LLC, with respondent's signature. However, other than showing the articles of incorporation, petitioner's assertions that respondent schemed for one year before closing Studio Scape to usurp the business were unsupported. While petitioner claimed to have records that showed "significant monetary transactions" with Ice and Snow Services, LLC, there was no evidence of profit. Indeed, respondent testified that she had no information regarding Ice and Snow Services, LLC, and had never received any profits from that business. Additionally, Raymond testified that Ice and Snow Services, LLC, had never conducted business. Thus, there was no evidence that respondent actually profited from the business allegedly misappropriated from Studio Scape or that respondent diverted business from Studio Scape. Moreover, given that Studio Scape was not viable and was unable to accept any business opportunities, respondent would not have acted against its interests even if she did send business to another company. We note that, in support of this claim, petitioner also presented records of income generated from snow removal contracts with Meijer for 2010 and 2011.[3] Despite the fact that Studio Scape stopped operations in 2010,[4] Raymond continued to service the Meijer contracts. Petitioner claims that these contracts produced income that was never accounted for in the Trust. However, there was undisputed evidence presented to dispute the fact

---

[2] Petitioner also mentions that Raymond opened a landscape company around that time as well.

[3] These contracts were sold by Raymond to Chad's Landscaping in 2012. Respondent was not a party to that transaction.

[4] The company was dissolved in 2012.

that Studio Scape was defunct and operating at a loss during its final years of business, and ceased operations in 2010. Accordingly, no genuine issues of material fact exist regarding respondent's alleged usurpation of business opportunities.

Petitioner's final argument relates primarily to Studio Scape. In regard to these allegations, our review of the record shows that respondent did not dispute that she failed to follow the MTC. In her brief, respondent states, "It was admitted . . . that [respondent] did not follow the probate code in administering the trust[.]" At the hearing on the motions for summary disposition, respondent stated, "There's complaints about [respondent]'s failure to fulfill her duties as trustee. [Respondent] admits she didn't act as a trustee." Given these admissions, the crux of the issue is whether petitioner was able to collect damages for these breaches. Again, a trustee is liable for the "amount required to restore the value of the trust property . . . to what they would have been had the breach not occurred" or the "profit the trustee made by reason of the breach." MCL 700.7902.

Petitioner alleges that respondent allowed Raymond to use Trust assets to make numerous improper payments to himself and his second wife, Nicole McMullen, which violated MCL 700.7810. We agree that respondent failed to control and protect trust property. However, we do not agree that damages are appropriate pursuant to MCL 700.7902. First, we agree with the trial court that there was no evidence that respondent profited—in fact, there was evidence that she continued to owe money on a loan to Huntington Bank for a loan made to Studio Scape for which she was a guarantor. She also claimed that she was never reimbursed for some funds that she had loaned to the business. Thus, we conclude there was no evidence respondent profited. See MCL 700.7902(b). Further, we do not see how petitioner was harmed by respondent's acts. The evidence shows that the business was run poorly for years, and was essentially worthless. Respondent presented evidence from certified public accountant (CPA) Thomas Burns, who averred that Studio Scape operated at a loss for a period of four years, and during that time, it was never in a position of equity which would allow it to pay a dividend. At the end of 2010, the cumulative losses totaled $219,588, and its assets were subsequently seized and auctioned by Huntington Bank. Petitioner offered no evidence to dispute Burns's affidavit. Thus, even assuming the improper payments to Raymond and Nicole McMullen were reimbursed by respondent, Studio Scape would still be worth nothing.[5] While we are sympathetic to petitioner's claims, we do not see how damages are warranted because the Trust assets, the residence and business, were defunct and had negative value. The Trust lacked value at the time of the breach, so no amount was necessary to restore petitioner to that amount. MCL 700.7902(a). Petitioner remains in the same position she was in before respondent's fiduciary breach. Further, we agree with the trial court that any claim that the Trust would have had value had respondent acted differently is speculative, especially considering the fact that the business was historically run poorly and had significant debt.

---

[5] Petitioner claimed that Raymond was improperly paid a total of $82,366.36 from trust assets, and Nicole was paid $38,950. Even this amount would not save the business from its $219,588 deficit.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood