# STATE OF MICHIGAN

# COURT OF APPEALS

PAUL D. GIEBEL,

        Plaintiff-Appellant,

v

AMY M. DAILEY,

        Defendant-Appellee.

UNPUBLISHED
December 17, 2015

No. 323215
Ogemaw County Circuit Court
LC No. 13-658911-NO

Before: GADOLA, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right from an order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

This case arises from an accident that occurred when plaintiff's motorcycle and defendant's motor vehicle collided. Plaintiff filed a claim against defendant alleging that defendant was negligent in causing the accident and that plaintiff suffered serious impairment of bodily function and/or permanent serious disfigurement pursuant to MCL 500.3135, a provision of the No-Fault Act, MCL 500.3101 *et seq*. Defendant filed a motion for summary disposition, and the trial court granted defendant's motion, holding that plaintiff could not establish that defendant was negligent.

Defendant argues that the trial court erred in granting defendant's motion for summary disposition because there was evidence that defendant was negligent in causing the vehicular accident. We disagree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 245; 590 NW2d 586 (1998). A motion for summary disposition under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition is proper where there is no "genuine issue regarding any material fact." *Id*.

There are four elements in a negligence cause of action: "(1) [t]he existence of a legal duty by defendant toward plaintiff; (2) [t]he breach of such duty; (3) [a] proximate causal relationship between the breach of such duty and an injury to the plaintiff; [and] (4) [t]he plaintiff must have suffered damages." *Stephens v Dixon*, 449 Mich 531, 539; 536 NW2d 755 (1995). The Michigan No-Fault Act largely abolished tort liability in motor vehicle accidents, but with several exceptions. See *id.* at 541. One such exception is the injury threshold; under MCL 500.3135(1), "[a] person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement."

Here, we agree with the trial court that defendant cannot establish negligent conduct on behalf of defendant. In this case, all evidence presented by both sides supports the conclusion that plaintiff drifted into defendant's lane and collided with defendant's car, even when viewed in light most favorable to plaintiff.

The accident at issue concerns two northbound traffic lanes on a four-lane roadway. The left lane, closest to the center line of the roadway, was a passing lane. The right lane was the slow lane. According to plaintiff's own testimony, he was driving his motorcycle in the right-hand northbound lane near the fog line, which is at the edge of the roadway. Defendant, who was driving behind a semi-truck, was in the left-hand passing lane. The undisputed evidence showed that the accident occurred in the left-hand passing lane, where defendant was traveling. After the accident, plaintiff's motorcycle was almost on the center line of the roadway, and plaintiff was lying in the passing lane itself. Moreover, there were tire marks and skid marks in the passing lane, which had been made by the motorcycle as it slid down the road post-collision. Following the accident, plaintiff was found to be at fault, and the crash report stated that plaintiff lost control of his vehicle, and noted hazardous action by plaintiff.

Plaintiff relies on a report prepared by an expert witness, Charles Funk, Ph.D., P.E. Dr. Funk acknowledged that the accident occurred in the left northbound lane. However, despite the evidence, Dr. Funk concluded that plaintiff was traveling in the left-hand lane, that defendant attempted to pass plaintiff on the left, encroaching on plaintiff and hitting him. However, plaintiff admitted that he was driving in the right-hand lane on the fog line. Thus, the conclusion by defendant's expert was contradicted by plaintiff's own testimony. Indeed, the only evidence that plaintiff was driving in the left-hand lane before defendant attempted to pass him appeared in Dr. Funk's report as an unsupported premise stated as fact and is directly contradicted by plaintiff's own testimony about where he was driving. We agree with the trial court that Dr. Funk's report did not constitute credible evidence of plaintiff's claim:

> This Court has held that an expert's opinion is objectionable where it is based on assumptions that are not in accord with the established facts. This is true where an expert witness' testimony is inconsistent with the testimony of a witness who personally observed an event in question, and the expert is unable to reconcile his inconsistent testimony other than by disparaging the witness' power of observation. *Badalamenti v William Beaumont Hosp*, 237 Mich App 278, 286; 602 NW2d 854 (1999) (citations omitted).

Here, Dr. Funk's opinion dismisses the uncontroverted evidence that plaintiff was traveling in the right-hand lane and defendant was traveling in the left-hand lane. Accordingly, Dr. Funk's report does not support plaintiff's claim.

Because plaintiff's testimony and complaint, as well as defendant's testimony, indicate that plaintiff was driving in the right-hand lane before the collision, we agree with the trial court that no reasonable juror could find that the accident was caused by defendant. Thus, there is no genuine issue of material fact and summary disposition was properly granted.

Affirmed. Defendant, the prevailing party, may tax costs. MCR 7.219.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood