# STATE OF MICHIGAN

# COURT OF APPEALS

VILLAGE OF PENTWATER,

Plaintiff-Appellee,

v

LAURENCE ARTHUR BATES and FIONA
ELIZABETH BATES,

Defendant-Appellants.

UNPUBLISHED
March 28, 2017

No. 328528
Oceana Circuit Court
LC No. 14-010712-CZ

Before: SAWYER, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Defendants Laurence Arthur Bates and Fiona Elizabeth Bates appeal by right the trial court's order granting summary disposition in favor of plaintiff Village of Pentwater. We affirm.

Defendants own a wooded parcel of land in the Village of Pentwater. They constructed a 12-foot-by-12-foot shed on their property in violation of Pentwater Community Zoning Ordinance §3.08B, which provides, in relevant part, that accessory buildings are only allowed on a lot "which contains a principal use or main building." Plaintiff filed suit against defendants for the violation of the zoning ordinance. The trial court granted plaintiff's motion for summary disposition finding that there was no genuine issue of material fact regarding whether defendants' shed violated the zoning ordinance and concluding that the zoning ordinance did not violate defendants' substantive due process rights.

MCR 2.116(C)(10) provides that summary disposition is proper when "there is no genuine issue as to any material fact." "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). The Court reviews the trial court's decision de novo and considers the affidavits, pleadings, depositions, admissions, and other evidence properly presented to the trial court in the light most favorable to the party opposing the motion for summary disposition. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206; 815 NW2d 412 (2012). Questions of constitutional law and the interpretation and application of municipal ordinances are reviewed de novo. *Bonner v Brighton*, 495 Mich 209, 221; 848 NW2d 380 (2014).

Local governments have "authority to regulate land use pursuant to the police power reserved to the states and delegated to local governments by the Legislature." *Risko v Grand*

-1-

*Haven Charter Twp Zoning Bd of Appeals*, 284 Mich App 453, 462; 773 NW2d 730 (2009). "Zoning is primarily a legislative function, subject to judicial review only to determine whether the power, as exercised, involves an undue invasion of private constitutional rights without a reasonable justification in relation to the public welfare." *Schwartz v City of Flint*, 426 Mich 295, 309; 395 NW2d 678, 683 (1986) (quotation marks, alteration, and citation omitted). Because zoning is a legislative function; a reviewing court does not sit as a "superzoning commission." *Kyser v Kasson Twp*, 486 Mich 514, 520; 786 NW2d 543 (2010).

Nevertheless, citizens are entitled to due process where zoning ordinances infringe on individual constitutional rights. *Id*. at 521. Both the United States and Michigan Constitutions provide that the state shall not deprive any person of life, liberty, or property without due process of law. US Const, Am XIV; Const 1963, art 1, § 17. "The test to determine whether legislation enacted pursuant to the police power comports with due process is whether the legislation bears a reasonable relation to a permissible legislative objective." *Kyser*, 486 Mich at 521 (citation omitted). Zoning ordinances are presumed to be reasonable. *Id*. Property owners may successfully challenge a local ordinance on substantive due process grounds in two ways: first, by proving "either that there is no reasonable governmental interest being advanced by the present zoning classification itself or, secondly, that an ordinance is unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question." *Bonner*, 495 Mich at 227-228 (citation, quotation marks and brackets omitted). A zoning ordinance will be struck down as arbitrary and unreasonable only if it is an "arbitrary fiat, a whimsical *ipse dixit*," leaving "no room for a legitimate difference of opinion concerning its unreasonableness." *Kyser*, 486 Mich at 521-522 (citation and alteration omitted).

Pentwater Community Zoning Ordinance §3.08B provides: "An accessory building or use shall only be permitted on a lot which contains a principal use or main building, except as may otherwise be permitted by this Ordinance." An "accessory building" is defined as "[a] building or portion of a building supplementary and/or subordinate to a main building on the same lot occupied by or devoted exclusively to an accessory use." Pentwater Community Zoning Ordinance §2.02. Defendants do not argue that their shed did not violate the ordinance. Instead, they argue only that the ordinance constitutes an unconstitutional delegation of police power because it prohibits activities that pose no significant harm to the community. However, the question is not whether defendants' accessory building poses a threat of harm to the community. Instead, the relevant inquiry is whether defendants can overcome the presumption that the ordinance is reasonable. *Kyser*, 486 Mich at 521.

First, defendants have failed to establish that there is no reasonable governmental interest advanced by the ordinance. *Id*. Plaintiff asserts that the ordinance was enacted to achieve the government's goal of preserving the residential character of its neighborhoods. MCL 125.3201(1) specifically provides that local governments can enact zoning ordinances in order to provide places of residence for citizens, "to ensure that use of the land is situated in appropriate locations and relationships," and "to promote public health, safety, and welfare." It is reasonable that in order to preserve the residential nature of neighborhoods and to ensure that land zoned as residential is used for residential purposes plaintiff would limit the use of accessory buildings, such as storage buildings, on parcels without a principal building. Thus, defendants have failed to establish that there are no reasonable governmental interests advanced by the ordinance.

Defendants have also failed to prove that the ordinance is an arbitrary restriction on their property interests. *Bonner*, 495 Mich at 227-228. The burden was on defendants to show that there was no relationship between plaintiff's goals and its means of attaining them. *Kyser*, 486 Mich at 521. Defendants have not met that burden. The restriction on accessory buildings is not arbitrary: it does not represent a total prohibition on defendants' opportunity to build an accessory building on the property, and it applies uniformly to all parcels. See *Bonner*, 495 Mich at 233-234. Because the restriction on accessory buildings bears a reasonable relationship to plaintiff's goal of maintaining the residential character of its residential lots, the zoning ordinance here was not unreasonable or arbitrary. "[A] variety of permissible land uses may be excluded or restricted by local ordinance provided the ordinance is reasonable, and we do not concern ourselves with the wisdom or desirability of such legislation." *Id.* at 234. Thus, defendants have failed to satisfy the burden necessary to invalidate the zoning ordinance on the basis of substantive due process. *Bonner*, 495 Mich at 229, 234; *Kyser*, 486 Mich at 521. The trial court properly granted summary disposition in favor of plaintiff.

We affirm.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Colleen A. O'Brien

-3-