# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF BETTY SIMMS-NORMAN, by its
Personal Representative, MARCIA BUTTS,

Plaintiff-Appellee,

v

ST. JOHN MACOMB-OAKLAND HOSPITAL,
ST. JOHN PROVIDENCE HEALTH SYSTEM,
SETH B. PARKER, M.D., and GREAT LAKES
MEDICINE, PLC,

Defendants-Appellants.

UNPUBLISHED
June 19, 2018

No. 334892
Macomb Circuit Court
LC No. 2015-000135-NH

Before: JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

SHAPIRO, J. (*concurring*).

I concur in the majority opinion and write only to note several errors in the dissenting opinion.

The dissent begins by stating that plaintiff must show that "defendant's breach of the standard of care was the proximate cause of his or her injuries." The use of the phrase "the proximate cause" is misplaced in the setting of a medical malpractice case, or indeed, in any case not involving governmental immunity governed specifically by MCL 691.1407(2). The statute defining the elements of a medical malpractice action does not contain the phrase "the proximate cause." MCL 600.2912a. The dissent cites to *Lockridge v Oakwood Hosp*, 285 Mich App 678, 684; 777 NW2d 511 (2009), as authority for its statement, but that case never used the phrase "the proximate cause," and there is *no* case that has held that a breach of the standard of care must be the sole proximate cause in a medical malpractice case, or in any case other than one involving governmental immunity. Indeed, the dissent later goes on to say, citing *Craig v Oakwood Hosp*, 471 Mich 67, 86; 684 NW2d 296 (2004), that "[a] plaintiff need not prove that the defendant's actions were the *sole* cause of his or her injuries." Perhaps the dissent's use of the phrase "the proximate cause" was merely inadvertent, but the use of that phrase in this case has no basis in law or fact and if read out-of-context could distort well-settled law.

Second, the dissent has lost sight of the basic principle that in the context of a motion for summary disposition, a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party,

MCR 2.116(G)(5); *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012), and all reasonable inferences are to be drawn in favor of the nonmovant, *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010). Rather than adhering to this basic axiom, the dissent does the opposite. The dissent scours the record for any evidence that could support the *moving* party, and interprets the entire record in the light most favorable to that party. Oddly, the dissent seems to take the position that in order to survive a motion for summary disposition the non-movant must show that there is no evidence that supports the moving party's position, rather than that there is evidence that support's the non-movant's case.

Third, the dissent fails to fully understand the facts of this case. While in the hospital, the PPI that plaintiff had been receiving at the nursing home was *discontinued* because the hospital doctors discovered its causal link to the plaintiff's malady.[1] Thus, the critical decision was the initial resumption of that medication and it is, at least for this motion, uncontested that this decision was made by defendant.[2] That a second doctor does not discontinue a medication negligently prescribed by a prior doctor does not immunize the prior doctor.


/s/ Douglas B. Shapiro

---

[1] The kidney specialist treating decedent in the hospital noted in her consult note, written on the day of discharge, that she recommended switching the patient's medication to "Pepcid rather than PPI" because of possible "AIN complications related to that." Pepcid and PPI's both treat heartburn and stomach ulcers, but they have different biochemical mechanisms and side-effects.

[2] The discharge orders signed by defendant directed that as an outpatient decedent should be taking a PPI. The discharge document further stated: "This is a complete list of medication(s) that you should be taking based on information you provided us as well as treatment provided during this hospital visit." When asked about this in deposition, defendant stated, "these are the medications I chose to put the patient on at discharge."