*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RIVERVIEW MACOMB HOME &
ATTENDANT CARE, LLC, doing business as
AVA CARE & CASE MANAGEMENT and AVA
ATTENDANT CARE & HOME HEALTH
SERVICES,

        Plaintiff-Appellee,

v

ALLSTATE INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
April 23, 2019

No. 339983
Macomb Circuit Court
LC No. 2016-001148-NF

Before: MURRAY, C.J., and SAWYER and REDFORD, JJ.

PER CURIAM.

Defendant, in this action for personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*, appeals by leave granted[1] the trial court's order granting plaintiff's motion for leave to amend its complaint and the trial court's order denying defendant's motion for partial summary disposition. We reverse both orders.

Hana Gorgees and Basim Hubi were injured in a motor vehicle accident. At the time of the accident, Gorgees and Hubi were both insured under a no-fault insurance policy issued by defendant. Gorgees and Hubi sought attendant care from plaintiff, and after defendant failed to pay plaintiff for these services, plaintiff—as Gorgees's and Hubi's healthcare provider—filed a direct cause of action against defendant. After the Supreme Court's decision in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 196; 895 NW2d 490 (2017), extinguished plaintiff's right to sue defendant directly, plaintiff obtained assignments of rights from Gorgees and Hubi, seeking to allow plaintiff to recover for the services it provided to Gorgees and Hubi.

---

[1] *Riverview Macomb Home & Attendant Care v Allstate Ins Co*, unpublished order of the Court of Appeals, entered February 22, 2018 (Docket No. 339983).

Plaintiff, as assignee, then sought leave to amend its complaint under MCR 2.118(A)(2), and relate back its claims to the date of its original complaint. Defendant objected, arguing that plaintiff's motion was actually a request to file a supplemental pleading under MCR 2.118(E), in which case the relation-back doctrine would not apply. The trial court granted plaintiff's motion for leave to amend plaintiff's complaint, holding that plaintiff's claims (under an assignment-of-rights theory) related back to the original complaint. Defendant filed a motion for partial summary disposition, arguing that plaintiff's claims were nonetheless barred by the one-year-back rule. The trial court denied defendant's motion for partial summary disposition, holding that, because the relation-back doctrine applied to plaintiff's amended complaint, plaintiff could recover for losses incurred within one year of plaintiff's filing of the original complaint.

## I. RELATION-BACK DOCTRINE

Defendant argues that the trial court erred in granting plaintiff's motion for leave to amend its complaint because plaintiff's request was better characterized as a supplemental pleading under MCR 2.118(E), in which case the relation-back doctrine would not apply.

The standard of review for reviewing a trial court's decision to grant a party's motion for leave to amend a pleading is as follows:

> The grant or denial of leave to amend pleadings is within the trial court's discretion. A trial court's decision on whether to permit a party to serve a supplemental pleading is also discretionary. A motion to amend should ordinarily be denied only for particularized reasons, including undue delay, bad faith or a dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility. . . . Amendment is generally a matter of right rather than grace.

> This Court will not reverse a trial court's decision regarding leave to amend unless it constituted an abuse of that discretion that resulted in injustice. An abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes. A trial court necessarily abuses its discretion when it makes an error of law. [*Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 207-208; 920 NW2d 148 (2018), oral argument gtd on the application 503 Mich 882 (2018) (Docket No. 157951) (quotation marks, citations, and brackets omitted).]

Under MCR 2.118(A)(2), a party may amend a pleading by leave of the court and such "[l]eave shall be freely given when justice so requires."

In *Covenant*, 500 Mich at 196, the Supreme Court held that "healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of [PIP] benefits under the no-fault act." However, this decision was "not intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40. *Covenant* has retroactive effect, meaning that it "applies to all cases still open on direct review." *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 176, 196; 909 NW2d 38 (2017), oral argument gtd on the application 501 Mich 1079 (2018).

MCR 2.118(D), the rule regarding amended pleadings and the relation-back doctrine, provides, in relevant part:

> An amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading.

"However, while an amended pleading may relate back to the date of the original pleading, there is no provision for relating back as to supplemental pleadings[.]" *Shah*, 324 Mich App at 203 (quotation marks and citation omitted). MCR 2.118(E), the rule regarding supplemental pleadings, provides, in relevant part:

> On motion of a party the court may, on reasonable notice and on just terms, permit the party to serve a supplemental pleading to state transactions or events that have happened since the date of the pleading sought to be supplemented, whether or not the original pleading is defective in its statement of a claim for relief or a defense.

Also, "the relation-back doctrine does not apply to the addition of new parties." *Shah*, 324 Mich App at 203-204 (quotation marks and citation omitted).

In *Shah*, 324 Mich App at 202-205, this Court addressed the same factual and procedural circumstances that are presented in this case. Like plaintiff, the plaintiffs in *Shah* were healthcare providers that provided medical services to Hensley (the injured, insured party). *Id*. at 187-189. The plaintiffs initially filed a direct lawsuit against the defendant (the insurer) under pre-*Covenant* case law. *Id*. However, after *Covenant*, the plaintiffs obtained assignments to Hensley's rights and benefits under his insurance policy with the defendant for services that the plaintiffs already provided to Hensley. *Id*. Then, pursuant to *Covenant*, the plaintiffs sought to amend their complaints to bring their lawsuits under an assignment-of-rights theory. *Id*. at 202-203. This Court had to determine whether plaintiff's request was an amended complaint or a supplemental pleading for purposes of the relation-back doctrine. *Id*. at 202-205.

This Court held that, because "[a]n assignee stands in the position of the assignor, possessing the same rights" as the assignor, the plaintiffs could not obtain any greater rights from Hensley than those rights Hensley had on the date of the assignments. *Id*. at 204 ( quotation marks and citation omitted). Moreover, this Court held that the plaintiffs' attempt to amend their complaints was actually an attempt to supplement their pleadings because "the procurement of the assignments was an event that occurred *after the filing of the original complaint and provided the only means by which plaintiffs could have standing to maintain a direct action against defendant insurer for recovery of no-fault benefits . . . .*" *Id*. at 202-204 (emphasis added), citing *Covenant*, 500 Mich at 195-196, 217 n 40. Because there is no provision for relating back supplemental pleadings to the original complaint, the "plaintiffs did not obtain the right to pursue no-fault benefits for any portion of the loss incurred more than one year before [the date of the assignment] . . . ." *Id*. at 205, citing MCR 2.118(D) and (E). That is, the plaintiffs could only recover for losses that Hensley incurred one year before *the date of the assignment*, not the date the original complaint was filed. *Id*. at 202-205.

-3-

This Court's decision in *Shah*, controls the outcome of this case. Plaintiff originally filed a lawsuit against defendant on April 6, 2016, seeking recovery for the services plaintiff provided to Gorgees and Hubi, who were both insured by defendant, for injuries they suffered in the March 29, 2014 motor vehicle accident. After *Covenant*, plaintiff no longer possessed an independent ground for recovering for the losses plaintiff incurred. However, plaintiff obtained assignments of rights from Gorgees and Hubi on June 8, 2017. Gorgees assigned to plaintiff her rights to collect PIP benefits for case management and attendant care services plaintiff provided to her from April 15, 2014 through June 8, 2017. Hubi assigned to plaintiff his rights to collect PIP benefits for case management services plaintiff provided to him from April 15, 2014 through June 8, 2017, and his rights to collect PIP benefits for attendant care services plaintiff provided to him from April 15, 2014 through May 15, 2017.

However, because *Shah* states that these assignments constitute "an event that occurred after the filing of the original complaint and provided the only means by which plaintiff[] could have standing to maintain a direct action against defendant insurer for recovery of no-fault benefits," *Shah*, 324 Mich App at 204-205, plaintiff's motion for leave to amend its complaint was actually a request to file a supplemental pleading, *id.* at 204 ("Courts are not bound by a party's choice of labels because this would effectively elevate form over substance.") (quotation marks and citation omitted). Therefore, plaintiff's June 19, 2017 filing was a supplemental pleading, and the relation-back doctrine does not apply. *Id.* at 204-205, citing MCR 2.118(D) and (E).[2] The trial court's misapplication of MCR 2.118 constitutes an error of law, and thus, an abuse of discretion. See *Shah*, 324 Mich App at 204-208.

Plaintiff's brief on appeal only mentions *Shah* in passing. However, plaintiff's arguments in support of its position—that plaintiff's amended complaint and claims as an assignee relate back to the original complaint—now stand in direct conflict with *Shah*. In fact, plaintiff's motion for leave to amend its complaint relied on MCR 2.118(E)—the rule regarding *supplemental pleadings*—for relief. Therefore, plaintiff's arguments, which fail to address the impact that *Shah* has on plaintiff's claims regarding the relation-back doctrine, are unpersuasive. *Shah*, 324 Mich App at 202-205.

## II. ONE-YEAR-BACK RULE

Defendant also argues that the trial court erred in denying its motion for partial summary disposition because the one-year-back rule barred plaintiff from recovering for losses incurred before June 19, 2016—one year before plaintiff filed its amended complaint. We agree with defendant that the trial court erred in denying defendant's motion for partial summary disposition, but disagree with defendant as to the correct date for purposes of the one-year-back rule, which according to *Shah* is *the date plaintiff obtained the assignments from Gorgees and Hubi*, not the date plaintiff filed its amended complaint.

---

[2] For consistency and clarity, we will continue to refer to plaintiff's June 19, 2017 filing as an amended complaint, despite it actually constituting a supplemental pleading under MCR 2.118(E).

"This Court reviews de novo the trial court's decision to grant or deny summary disposition." *Shah*, 324 Mich App at 205-206 (quotation marks and citation omitted). Defendant brought its July 10, 2017 motion for partial summary disposition pursuant to MCR 2.116(C)(10). The standard of review for reviewing a motion for summary disposition denied pursuant to MCR 2.116(C)(10) is as follows:

A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Id*. at 207 (quotation marks and citation omitted).]

Under MCL 500.3145(1), a claimant for PIP benefits "may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." The one-year-back rule in MCL 500.3145(1) "is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 203; 815 NW2d 412 (2012).

The trial court held that plaintiff's claims under an assignment-of-rights theory were not barred by the one-year-back rule, and determined that the correct date for purposes of the one-year-back rule was April 6, 2016 (the date plaintiff filed its original complaint). This was erroneous. As this Court stated in *Shah*, 324 Mich App at 205, the pertinent date for purposes of the one-year-back rule is the date plaintiff acquired the assignments of rights from Gorgees and Hubi—i.e., June 8, 2017. Therefore, plaintiff may only recover for losses incurred on or after June 8, 2016—one year before plaintiff obtained the assignments of rights from Gorgees and Hubi. See *id*. All of plaintiff's claims for losses incurred before June 8, 2016, are barred by the one-year-back rule. See *id*.

Defendant argues that the pertinent date for purposes of the one-year-back rule is June 19, 2017—the date plaintiff filed its amended complaint—as this was the actual date on which plaintiff's "newly acquired claims" under an assignment-of-rights theory were filed. However, defendant's argument contradicts this Court's express holding in *Shah*. *Id*. Therefore, with respect to the services plaintiff provided to Gorgees and Hubi for injuries they suffered in the March 29, 2014 motor vehicle accident, plaintiff cannot recover payment for losses incurred before June 8, 2016—one year before plaintiff obtained Gorgees's and Hubi's assignments of rights. See *id*.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ James Robert Redford