*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DUSTIN WENKEL,

      Plaintiff-Appellant,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

      Defendant-Appellee.

FOR PUBLICATION
December 1, 2022
9:15 a.m.

No. 358526
Ogemaw Circuit Court
LC No. 20-651457-NF

Before: HOOD, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM.

In this case, we are asked to determine whether the administrative and executive orders issued by the Michigan Supreme Court and the Governor at the beginning of the COVID-19 pandemic tolled the application of the "one-year-back rule" under MCL 500.3145(2) past a date agreed to by the parties in a stipulated order entered before the pandemic began. Plaintiff, Dustin Wenkel, entered into a stipulated order of dismissal of his complaint for personal injury protection (PIP) benefits in which the parties agreed that if plaintiff refiled his complaint by April 3, 2020, none of his claims would be barred by the one-year-back rule. Plaintiff did not do so, and the trial court granted summary disposition in favor of defendant Farm Bureau General Insurance Company of Michigan with respect to claims for PIP benefits incurred prior to one year before the filing of his complaint. It is from this order that plaintiff appeals by right. Because we conclude that the administrative and executive orders at issue did not toll deadlines that were set forth in stipulated court orders that were unrelated to the commencement of actions, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff was injured in an automobile accident in 2002. At the time of the accident, he had an automobile insurance policy with defendant that covered medical expenses incurred as a result of an accident. Over a decade later, plaintiff sought to recover PIP benefits from defendant under the insurance policy and the no-fault act, MCL 500.3101 *et seq.*. Defendant refused to pay for these expenses and, in 2017, plaintiff filed a complaint in a prior and separate proceeding from the one before us (the "2017 Complaint"). Plaintiff alleged he "incurred reasonable charges in the

form of attendant care and home modifications for his care, recovery, or rehabilitation," and he sought recovery for these expenses as personal protection benefits under the insurance policy and no-fault act.

The litigation involved "amounts associated with a lift system in Plaintiff's home, a new handicap accessible vehicle, and some repair charges to Plaintiff's current vehicle." On January 24, 2020, however, the parties stipulated to a dismissal without prejudice of the 2017 Complaint in which they agreed that plaintiff could "re-file this litigation as Counsel for Plaintiff deems appropriate" and that the one-year-back rule would be "tolled such that none of Plaintiff's claims incurred on or after October 11, 2017, will be barred by the One Year Back Rule as long as litigation is re-instituted on or before April 3, 2020." Plaintiff did not refile his complaint until June 8, 2020.

On March 10, 2020, Governor Gretchen Whitmer issued an executive order declaring a state of emergency due to the COVID-19 pandemic. See Executive Order No. 2020-4. In response to the Governor's declaration, the Michigan Supreme Court issued Administrative Order No. 2020-3, ___ Mich ___ (2020), which stated:

> In light of the continuing COVID-19 pandemic and to ensure continued access to courts, the Court orders that:
>
> For all deadlines applicable to the commencement of all civil and probate case-types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110 or a motion raising a defense or an objection to an initial pleading under MCR 2.116, and any statutory prerequisites to the filing of such a pleading or motion, any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1).
>
> This order is intended to extend all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency declared by the Governor related to COVID-19. Nothing in this order precludes a court from ordering an expedited response to a complaint or motion in order to hear and resolve an emergency matter requiring immediate attention. We continue to encourage courts to conduct hearings remotely using two way interactive video technology or other remote participation tools whenever possible.
>
> This order in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses. Courts must have a system in place to allow filings without face-to-face contact to ensure that routine matters, such as filing of estates in probate court and appointment of a personal representative in a decedent's estate, may occur without unnecessary delay and be disposed via electronic or other means.

On April 22, 2020, Governor Whitmer issued an executive order containing the same language. See Executive Order No. 2020-58. On June 12, 2020, our Supreme Court issued Administrative Order No. 2020-8, ___ Mich ___ (2020), which rescinded AO 2020-3 effective

June 20, 2020, at which time "the computation of time for those filings shall resume." The order also stated that

> [f]or time periods that started before Administrative Order No. 2020-3 took effect, the filers shall have the same number of days to submit their filings on June 20, 2020, as they had when the exclusion went into effect on March 23, 2020. For filings with time periods that did not begin to run because of the exclusion period, the filers shall have the full periods for filing beginning on June 20, 2020. [AO 2020-8.]

On December 10, 2020, defendant moved for partial summary disposition under MCR 2.116(C)(7), (8), and (10), arguing that plaintiff's claims incurred prior to June 8, 2019, should be dismissed under the one-year-back rule because he filed his complaint after the April 3, 2020 deadline set forth in the stipulated order. Defendant thus argued that plaintiff's failure to meet the April 3, 2020 deadline "nullifie[d] the agreement to waive the" one-year-back rule. In response, citing the administrative and executive orders that tolled filing deadlines for civil actions, plaintiff asserted that the delay was attributed to the COVID-19 pandemic and subsequent government-ordered lockdown. Thus, according to plaintiff, his June 8, 2020 filing was timely as it pertained to the one-year-back rule.

At the hearing to decide the motion, plaintiff elaborated that the Michigan Supreme Court's administrative orders had modified MCR 1.108 to treat the courts as if they were closed. Therefore, plaintiff contended that by filing his complaint prior to the June 20, 2020 effective date of AO 2020-8, the time between April 3, 2020, and the complaint's filing should be counted as if the courts were closed. In other words, according to plaintiff, the complaint's filing date of June 8, 2020, should be treated as if it had been filed prior to March 23, 2020, which was the date on which AO 2020-3 went into effect.

The trial court disagreed with plaintiff, reasoning that the administrative and executive orders did not apply to the April 3, 2020 deadline established by the parties' prior stipulation. The trial court stated that the administrative orders at issue applied only to the filing of "initial pleadings," not to a time line set by a stipulated agreement, which placed the April 3, 2020 deadline outside the scope of the administrative orders. The trial court further noted that the courts were open and accepting filings during the state of emergency period; thus, "it wasn't impossible to file." Accordingly, the trial court granted summary disposition in defendant's favor with respect to plaintiff's claims for expenses incurred before June 8, 2019. On August 25, 2021, the parties agreed to a stipulated dismissal with prejudice of plaintiff's case as a result of the settlement agreement; however, the parties agreed that plaintiff could appeal the trial court's December 23, 2020 ruling on the one-year-back rule. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition, as well as questions of statutory interpretation and the construction and application of court rules, *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010), and administrative or executive orders. *Aguirre v Dep't of Corrections*, 307 Mich App 315, 320; 859 NW2d 267 (2014).

## III.  DISCUSSION

Plaintiff argues that the trial court erred when it dismissed his claims for PIP benefits incurred prior to June 8, 2019, because the administrative and executive orders issued during the pandemic in 2020 tolled the date by which he was to refile his complaint to avoid application of the one-year-back rule.  In response, defendant contends that the administrative and executive orders at issue did not apply because the one-year-back rule is not a statute of limitations under Michigan law; thus, because the COVID-related orders only tolled statutes of limitations, the orders did not apply.  For similar reasons, defendant also argues that the orders do not apply to contractual deadlines agreed to by parties in a settlement.  Because we conclude that AO 2020-3 and EO 2020-58 did not toll the operation of the one-year-back rule, we affirm the order of the trial court granting summary disposition in defendant's favor.

The Michigan Supreme Court's administrative order did not impact the filing deadlines for all pleadings and papers filed in the trial court.  Rather, by its terms, the order tolled the "deadlines applicable to the commencement of all civil and probate case-types," and was "intended to extend all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency . . . ."  AO No. 2020-3.  The question, therefore, is whether an artificial deadline related to the tolling of the one-year-back rule, set forth in a stipulated order, was encompassed by AO 2020-3.

The one-year-back rule embodied in MCL 500.3145(2) states, in pertinent part:

[I]f the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

The rule "is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 203; 815 NW2d 412 (2012).  "By its very terms, then, the one-year-back rule is a damages-limiting provision because it limits a claimant's recovery to those losses incurred during the year before the filing of the action." *Id*. at 214.  In other words, the one-year-back rule does not act as an outright bar to the filing of a complaint, i.e., it is not a statute of limitations, but rather limits the plaintiff's claims for PIP benefits to claims incurred within one year of the filing of the complaint.

We interpret AO 2020-3 as tolling the statute of limitations for the commencement of actions and a concomitant tolling of the filing of responsive pleadings during the state of emergency.  The one-year-back rule does not fall under either of those categories because it is a limitation on damages, not a limitation on whether the claim can be brought in the first place.  To read AO 2020-3 as plaintiff suggests would effectively negate the words of the order itself.  Simply put, the one-year-back rule is not a "deadline[] applicable to the commencement" of a complaint. See *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 574; 702 NW2d 539 (2005) ("[A]lthough a no-fault action to recover PIP benefits may be *filed* more than one year after the accident and more than one year after a particular loss has been incurred (provided that notice of injury has been given

to the insurer or the insurer has previously paid PIP benefits for the injury), [the one-year-back rule] nevertheless limits recovery in that action to those losses incurred within the one year preceding the filing of the action.").

The one-year-back rule is a rule that is *impacted* by when a complaint is filed, but we are not persuaded that the Supreme Court intended AO 2020-3 to be interpreted so broadly as to have encompassed the rule in its order. But even if that were the Supreme Court's intent, we also interpret AO 2020-3 as applying only to deadlines set by court rule or statute, not those artificially imposed by agreement in a stipulated order. In the administrative order, the Court provided examples of deadlines it considered tolled: "the initial filing of a pleading under MCR 2.110," "a motion raising a defense or an objection to an initial pleading under MCR 2.116," and "any statutory prerequisites to the filing of such a pleading or motion." AO 2020-3. If the Court had intended deadlines set by court order to be impacted by its administrative order, it could have stated as much.

While it is true that AO 2020-3 makes reference to MCR 1.108, it does so only with respect to how days are counted in connection with the deadlines it tolled in the administrative order: "For all deadlines applicable to the commencement of all civil and probate case-types . . . any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1)." AO 2020-3. Thus, we are unpersuaded by plaintiff's argument that MCR 1.108, which relates in pertinent part to "period[s] of time prescribed or allowed by . . . court order," incorporates the deadline in the parties' stipulated order into AO 2020-3. Instead, the invocation of MCR 1.108 is made in relation to the deadlines and statutory prerequisites referenced in the administrative order.

While it is regrettable that plaintiff's claims for PIP benefits are limited by the timing of when his complaint was filed, this Court is not empowered to broaden the scope of orders issued by the Michigan Supreme Court. We are keenly aware of the challenges everyone in this State faced during the COVID-19 state of emergency, and therefore understand the reluctance of litigants and their attorneys to engage with the court during that time. Nevertheless, the trial court was not closed for filing, and plaintiff and his attorney proceeded at their own peril by ignoring the deadline they agreed to in the stipulated order.

Affirmed. Because this is a matter of first impression, defendant may not tax costs. See MCR 7.219(A).

/s/ Noah P. Hood
/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly

-5-