*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LISA GIRIMONTE,

        Plaintiff-Appellant,

v

LIBERTY MUTUAL INSURANCE COMPANY,

        Defendant-Appellee,

and

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendant.

FOR PUBLICATION
November 9, 2023
9:00 a.m.

No. 362128
Macomb Circuit Court
LC No. 2020-002185-NF

Before: CAVANAGH, P.J., and RIORDAN and PATEL, JJ.

RIORDAN, J.

Plaintiff, Lisa Girimonte, appeals as of right the trial court's order dismissing her claim for personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*. For the reasons set forth, while we agree with the legal reasoning of the trial court, we vacate its order dismissing this case and remand to that court for further proceedings.

## I. BACKGROUND FACTS

In October or November 2016, plaintiff was a passenger on a motorcycle being driven in Detroit by Robert Saxman when a collision occurred between the motorcycle and a car. Plaintiff alleges that she sustained serious injuries in the accident. At the time of the accident, Saxman had

a no-fault policy issued by Allstate Property and Casualty Insurance Company, while plaintiff had one issued by defendant, Liberty Mutual Insurance Company.[1]

Defendant began paying plaintiff's medical expenses in 2016. At some point, however, a dispute arose with respect to plaintiff's entitlement to PIP and underinsured-motorist benefits, and whether defendant or Allstate was the insurer primarily responsible for paying such benefits. Plaintiff thus sued defendant and Allstate in 2019.[2] In that case, defendant filed a motion for summary disposition, asserting that Allstate was the primary insurer, and seeking dismissal on that basis. Plaintiff and defendant were apparently in agreement on that point, and stipulated to dismiss defendant without prejudice in March 2020. The trial court later dismissed the case without prejudice in January 2021.

Plaintiff filed the present lawsuit against Allstate in June 2020. Plaintiff did not initially name defendant as a party, but instead filed a motion with the trial court in the previous case asking it to reinstate the case with respect to defendant; the court denied that motion and plaintiff's motion for reconsideration. Plaintiff, with Allstate's concurrence, successfully moved the trial court to amend her complaint in this case to add defendant as a party. After discovery, Allstate successfully moved for summary disposition.

Defendant moved for partial summary disposition, arguing that, under MCL 500.3145, plaintiff was barred from recovering PIP benefits for expenses incurred more than one year before the filing of her first amended complaint that named defendant as a party.[3] Defendant contended that because plaintiff filed her amended complaint naming defendant on June 16, 2021, the one-year-back rule barred her claim for PIP benefits for expenses incurred before June 16, 2020. Plaintiff responded by asserting that MCL 500.3145(3), which was added as part of several amendments to the no-fault act in 2019, see 2019 PA 21, provides that the one-year-back rule is tolled beginning on the date a claim for PIP benefits is made and does not resume running until an insurer "formally denies the claim."[4] Plaintiff further asserted that the one-year-back period remained tolled because there had been no formal denial of her claim, and thus the one-year-back-rule did not bar her claim for PIP benefits in the instant case.

---

[1] Both Allstate and Liberty Mutual were named as defendants in this case. However, Allstate has neither appeared before this Court nor filed a brief. The issue presented does not concern Allstate, and neither party has raised any issue having any connection to Allstate and its dismissal from this case. References to "defendant" will refer solely to defendant-appellee, Liberty Mutual.

[2] As discussed below, that lawsuit was a separate one, filed before this case.

[3] This rule is often referred to as the "one-year-back rule."

[4] On appeal, defendant does not contend that it issued a "formal" denial sufficient to restart the one-year-back-rule clock in this matter. Instead, it simply argues that previous version of the statute, in which the tolling provision did not appear, should apply. Defendant did raise the issue in its reply brief in support of its motion for partial summary disposition (relying on a denial of one specific category of services, but not all of them), but has since apparently abandoned it, or, at the very least, appears to tacitly concede it for purposes of this appeal.

Defendant filed a reply brief in which it asserted that the current version of the statute was not effective until after plaintiff sustained her injuries, and thus that the former version, which did not have the tolling provision, applied instead, rendering plaintiff's claim for any PIP benefits pertaining to expenses incurred before June 16, 2020, untimely.

The trial court granted defendant's motion. The trial court premised its ruling on its conclusion that the amended version of MCL 500.3145 could not be applied retrospectively "since the Legislature did not make clear its intention that the amendment . . . apply retroactively and the amendment affects the parties [sic] substantial rights. Further, retroactive application . . . would impose a new legal obligation on [defendant] that did not exist prior to the amendment . . . ." The trial court reasoned that defendant had "substantive rights" to deny coverage and "to deny claims incurred more than one year before" the filing of a complaint.

Defendant later filed a motion for summary disposition with respect to the remaining issues in the case, on the grounds that discovery established that there were no outstanding claims for benefits, and no expenses incurred after June 16, 2020, the date through which the trial court granted partial summary disposition on the basis of the one-year-back rule. The trial court granted that motion. The trial court later entered a stipulated order that dismissed this case with prejudice.

## II. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision to grant or deny summary disposition under MCR 2.116(C)(10)." *Mazzola v Deeplands Dev Co LLC*, 329 Mich App 216, 223; 942 NW2d 107 (2019). "A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (emphasis omitted). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

"Issues involving statutory interpretation present questions of law that are reviewed de novo." *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 495; 948 NW2d 452 (2019).

## III. DISCUSSION

The parties agree that the sole issue before this Court is whether the current version of MCL 500.3145, as amended by 2019 PA 21, or the pre-amendment version, applies here. Plaintiff argues that the current version applies because the instant case was commenced after the effective date of the amendment. Defendant argues that the pre-amendment version applies because the accident occurred before the effective date of the amendment, and the amendment does not apply retroactively. For the reasons set forth, we agree with the trial court and defendant that the amendment to MCL 500.3145 does not apply retroactively. However, because that conclusion does not necessarily result in defendant entirely prevailing, we vacate the trial court's order and remand to that court for further proceedings.

Previously, MCL 500.3145(1) provided, in relevant part:

An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. . . .

In *Joseph v Auto Club Ins Ass'n*, 491 Mich 200; 815 NW2d 412 (2012), our Supreme Court explained that the second and third sentences of MCL 500.3145(1) set forth the "one-year-back rule," which provides that "recovery is limited only to losses that have been incurred during the year before the filing of the action." *Id*. at 203, 208. Before 2019, the one-year-back rule did not include "a judicial tolling mechanism." See *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 566; 702 NW2d 539 (2005).

MCL 500.3145 was amended by 2019 PA 21, effective June 11, 2019, and currently provides, in relevant part:

(2) Subject to subsection (3), if the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

(3) A period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies the claim. This subsection does not apply if the person claiming the benefits fails to pursue the claim with reasonable diligence.

In *Encompass Healthcare, PLLC v Citizens Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357225); slip op at 6-7, this Court explained that the amendments to MCL 500.3145 "act to supersede our Supreme Court's ruling in *Devillers*" and thus "impose a tolling exception to the one-year-back rule." "Now, the one-year-back period is tolled until the date of the insurer's formal denial of a claim." *Id*. at___; slip op at 1.

Resolving this appeal involves the interplay between *Encompass Healthcare* and *Spine Specialists of Mich, PC v MemberSelect Ins Co*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 358296). In *Encompass Healthcare*, the injured party received medical treatment from June to October 2018, and a lawsuit was filed in November 2019 regarding whether that treatment should be reimbursed by the defendant. *Encompass Healthcare*, ___ Mich App at __; slip op at 2. The plaintiff, which sought reimbursement, "conceded that its expenses were incurred more than a year before it initiated this action, but argued that reimbursement was nevertheless warranted because of the recently adopted tolling provision within MCL 500.3415(3)." *Id*. at ___;

-4-

slip op at 2. The plaintiff reasoned that "because [the defendant] never formally denied its reimbursement claims, the one-year-back rule remained tolled and [the plaintiff] was not required to preserve its claims with an earlier complaint." *Id*. at ___; slip op at 2. The defendant responded that "the circuit court correctly determined that the EORs [explanations of review] constituted formal denials under MCL 500.3145(3), thereby ending the tolling period for each reimbursement claim." *Id*. at ___; slip op at 4. This Court agreed with the plaintiff, stating that "[t]he EORs included no language clearly stating that the claims were denied, at least not with the finality and clarity required to end the tolling period." *Id*. at ___; slip op at 7. Thus, this Court concluded that "the application of the one-year-back rule remained tolled until this lawsuit was filed," thereby apparently allowing the plaintiff to recover for all of the claimed medical treatment. *Id*. at ___; slip op at 1. In a footnote, this Court stated as follows:

> The no-fault act, MCL 500.3103 *et seq*., was substantially amended by 2019 PA 21, effective June 11, 2019. Because Encompass's complaint was filed after these amendments took effect, this case is governed by the newly adopted statutory language. See *George v Allstate Ins Co*, 329 Mich App 448, 451 n 3; 942 NW2d 629 (2019) ("This case was commenced before the [2019] amendment[s] and, therefore, it is controlled by the former provisions of the no-fault act."). [*Id*. at ___; slip op at 2 n 1.]

In *Spine Specialists*, the plaintiff sought reimbursement from the defendant for medical treatment provided to the injured party in April and May 2019. *Spine Specialists*, ___ Mich App at ___; slip op at 3. The plaintiff filed its complaint in September 2020. *Id*. at ___; slip op at 3. This Court concluded that the plaintiff could not recover for any of the claimed medical treatment, reasoning as follows:

> In the absence of any Legislative statement of retroactive application, and in light of the presumption against retroactive application of a statutory amendment, the trial court in this case correctly determined that the amendment to MCL 500.3145 does not apply retroactively. . . .
>
> * * *
>
> In this case, the loss was incurred when [the injured party] received medical treatment from plaintiff in April-May 2019, and the claims for those services accrued at that time. [See MCL 500.3110(4).] The law in effect at the time the claims accrued was the pre-amendment version of MCL 500.3145; the amended version of the statute did not take effect until June 11, 2019, and does not apply retroactively. The trial court therefore did not err by applying the pre-amendment version of MCL 500.3145 to plaintiff's April-May 2019 claims and granting defendant summary disposition of those claims. [*Id*. at ___; slip op at 4-5 (citations omitted).]

At first glance, *Encompass Healthcare* and *Spine Specialists* appear to be conflicting because the former case apparently allowed the plaintiff to recover for claimed medical expenses incurred between June and October 2018, notwithstanding that the action was not commenced until November 2019, more than one year after the expenses were incurred. In this regard, footnote

one of *Encompass Healthcare* suggests that, when an action is commenced on or after June 11, 2019, the amendment to MCL 500.3145 applies to all claimed medical expenses in that action. On the other hand, however, *Spine Specialists* held that claims for medical expenses accrue when they are actually incurred, and because the amendment to MCL 500.3145 does not apply retroactively, such claims that accrue before June 11, 2019, are not subject to the current version of the statute.

" 'If at all possible, the opinions [perceived as conflicting] should be harmonized.' " *In re Simpson*, 500 Mich 533, 568 n 64; 902 NW2d 383 (2017), quoting Garner et al., *The Law of Judicial Precedent* (2016), p. 300. We conclude that *Encompass Healthcare* and *Spine Specialists* may be harmonized by interpreting *Encompass Healthcare* as deciding the meaning of "formally denies" in the current version of MCL 500.3145, whereas *Spine Specialists* decided that the tolling provision in the current version of MCL 500.3145 does not apply to expenses that are incurred before June 11, 2019, because the amendment does not apply retroactively. In this regard, we find the analysis of *Health Partners, Inc v Progressive Mich Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued March 9, 2023 (Docket No. 359096), persuasive:[5]

> The issue in this case is whether Health Partners can rely on the tolling provision added in the amended version of § 3145, even though the bills were incurred before the effective date of the amendment.
>
> This Court recently resolved this issue in *Spine Specialists*, and held that the amendments to § 3145 do not apply retroactively to claims that accrued before June 10, 2019, the effective date of the amendments. . . .
>
> *Spine Specialists* is directly applicable to the facts of this case and is binding. See MCR 7.215(C)(2). The pre-amendment version of § 3145 applies to the claims at issue here, which were incurred from December 2017 through March 10, 2019. Plaintiff cannot rely on the tolling provision in the amended statute and the at-issue claims are time barred.
>
> Health Partners argues that this Court should not apply *Spine Specialists*, and, instead, relies on *Encompass Healthcare* for the proposition that the amended statute applies to losses incurred before June 10, 2019. Because *Encompass Healthcare* was released prior to *Spine Specialists*, Health Partners argues that it should control the outcome of this case. We disagree.
>
> *Encompass Healthcare*, like *Spine Specialists*, and this case, dealt with medical care provided before June 10, 2019 (the effective date of the amended statute), the one-year-back rule, and the amended version of § 3145. The distinction, however, is that the parties in *Encompass Healthcare* did not dispute that the amended statute—with the tolling provision—applied. . . . Because the parties did not raise it, this Court never reached the issue of retroactive application of the amended statute in *Encompass Healthcare*. Instead, the parties disputed, and

---

[5] "Unpublished opinions are . . . not binding authority but may be persuasive or instructive." *Haydaw v Farm Bureau Ins Co*, 332 Mich App 719, 726 n 5; 957 NW2d 858 (2020).

this Court decided, whether the defendant had "formally denied" the plaintiff's claims. This Court held that the claims were never formally denied because the defendant "did not provide the explicit and unequivocal expression of finality required to constitute formal denials[.]" This Court concluded that, because there was never a formal denial, the one-year-back rule was tolled.

Unlike the parties in *Encompass Healthcare*, the parties in *Spine Specialists* did raise the issue of whether the amended statute applies retroactively. We are bound by that decision. [*Id*. at 4 (citations omitted).]

Accordingly, we agree with the trial court and defendant that the amendment to MCL 500.3145 does not apply retroactively.[6] That is, under *Spine Specialists*, the tolling provision in the current version of MCL 500.3145 does not apply to expenses that are incurred before June 11, 2019. However, under MCL 500.3110(4), expenses that are incurred on or after that date may be subject to the tolling provision because the no-fault act treats each expense as a newly accrued claim.[7] To the extent that the trial court concluded that the amendment to MCL 500.3145 does not apply retroactively, we affirm its reasoning.

Nonetheless, we cannot simply affirm the trial court in its entirety because the record is unclear whether any of plaintiff's claimed medical expenses were incurred on or after June 11, 2019, the effective date of 2019 PA 21.[8] Therefore, we vacate the trial court's order dismissing this case and remand to that court for further proceedings regarding whether any of plaintiff's

---

[6] In *Andary v USAA Casualty Ins Co*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 356487) (*Andary I*), aff'd in part and rev'd in part on other grounds ___ Mich ___; ___ NW2d ___ (2023) (Docket No. 164772) (*Andary II*), this Court held that 2019 PA 21's amendment of MCL 500.3157(7) and (10), which caps attendant-care expenses and imposes new fee schedules for certain services, was not to be applied retroactively. *Andary I*, ___ Mich App at ___; slip op at 11. Our Supreme Court affirmed this Court's holding on that point. *Andary II*, ___ Mich at ___; slip op at 41. Both cases explicitly state that the issue before both this Court and the Supreme Court was the retroactivity, or lack thereof, of the amendments of MCL 500.3157(7) and (10), as opposed to 2019 PA 21 in its entirety. See *Andary I*, ___ Mich App at ___, ___; slip op at 3, 11; *Andary II*, ___ Mich at ___, ___; slip op at 8, 41. Thus, neither *Andary I* nor *Andary II* controls the outcome of this case, although we note that our conclusion that the amendment to MCL 500.3145 is not retroactive is consistent with those cases.

[7] MCL 500.3110(4) provides that "[p]ersonal protection insurance benefits payable for accidental bodily injury accrue not when the injury occurs but as the allowable expense, work loss or survivors' loss is incurred." In other words, "an expense is incurred or a patient becomes liable when an agreement to pay is executed and treatment is received." *Bronson Health Care Group, Inc v USAA Cas Ins Co*, 335 Mich App 25, 35-36; 966 NW2d 393 (2020) (emphasis omitted).

[8] We note that defendant represented in ¶ 3 of its October 5, 2021 motion for partial summary disposition that "[t]he time period being claimed by Plaintiff is April 12, 2018 through November 18, 2019." The basis for that representation is not immediately clear.

claimed medical expenses were incurred on or after that date, which would render them subject to the current version of MCL 500.3145.

## IV. CONCLUSION

We vacate the trial court's order dismissing this case and remand to that court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Mark J. Cavanagh
/s/ Sima G. Patel